# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BALKAN ENERGY LIMITED, et al., | ) |
| Petitioners, | ) |
| v. | ) Case No. 17-cv-00584 (APM) |
| REPUBLIC OF GHANA, | ) |
| Respondent. | ) |

## ORDER

Petitioner Balkan Energy Limited's ("Balkan UK") Motion to Authorize Attachment and Execution is granted. *See* Balkan UK's Mot. to Authorize Attachment and Execution, ECF No. 51 [hereinafter Balkan UK's Mot.]. Pursuant to 28 U.S.C. § 1610(c), the court finds that a reasonable period of time has elapsed following the entry of judgment in this matter. Specifically, the court entered judgment in favor of Balkan UK nearly four months ago on March 23, 2018, *see* Judgment, ECF No. 38, and, since that time, Respondent the Republic of Ghana has not taken any steps to satisfy the judgment. To the contrary, counsel for Ghana has represented that it will oppose any collection efforts. Balkan UK's Mot., Decl. of Robert K. Kry, ECF No. 51-2, ¶ 4 & Ex. 1, ECF No. 51-3. Accordingly, the court has little trouble finding that a reasonable time has elapsed following the entry of judgment. *See Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8–9 (D.D.C. 2015) (ruling that, "[i]n the absence any evidence that defendants are making efforts to pay these judgments voluntarily—and there is none here—the Court is inclined to find three months a sufficient pause").

Ghana offers two reasons to the contrary, but neither is convincing. First, Ghana argues that Section 1610(c) does not authorize courts to declare that a petitioner can "begin attachment and execution efforts," and that such relief only can be afforded when a petitioner seeks a judicial determination that a specific asset is subject to attachment and execution. *See* The Republic of Ghana's Opp'n to Balkan UK's Mot., ECF No. 52 [hereinafter Ghana's Opp'n], at 1, 3. That argument is easily set aside, because the court does no more here than what Section 1610(c) authorizes: It finds that a reasonable period of time has elapsed following entry of judgment, and no more. Second, Ghana urges the court not to make an affirmative finding under Section 1610(c) because a different Petitioner, Balkan Energy (Ghana) Ltd., has retained the right to pursue award confirmation and enforcement, a circumstance that Ghana claims places it "at risk of paying the arbitration amount *twice* if the D.C. Circuit were to determine, on appeal, that Balkan Ghana, rather than Balkan UK, was the proper party to seek enforcement of the arbitration award." Ghana's Opp'n at 4–5. But that concern presents no impediment in the current posture, as only Balkan UK has moved under Section 1610(c). Thus, Ghana's fear that a positive finding under Section 1610(c) might subject Ghana to duplicative enforcement is misplaced.

Accordingly, having "determined that a reasonable period of time has elapsed following the entry of judgment" in favor of Balkan UK, 28 U.S.C. § 1610(c), Balkan UK's Motion to Authorize Attachment and Execution is granted.

Dated: July 17, 2018

Amit P. Mehta
United States District Judge